IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAVID VILLA | * | |
|     PLAINTIFF | * | |
| VS. | * | CIVIL ACTION NO. _____ |
| | * | |
| NATIONAL ENTERPRISE SYSTEMS, INC. | * | COMPLAINT AND |
|     DEFENDANT | * | DEMAND FOR A JURY TRIAL |

# COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. §1692k, 28 U.S.C. §§ 1331 and 1337.

### III. PARTIES

3. Plaintiff, David Villa (hereinafter referred to as "Mr. Villa" or "plaintiff"), is a natural person who resides in East Baton Rouge Parish, state of Louisiana. and is a "consumer" as defined by 15 U.S.C. § 1692a(3).

4. Defendant, National Enterprise Systems, Inc. (hereinafter referred to as "NES" or "defendant") is a debt collection agency conducting business in the state of Louisiana and is a foreign corporation authorized to do and doing business in the state of Louisiana, whose registered agent for service of process in Louisiana is CT Corporation, 8550 United Plaza Blvd., Baton Rouge, Louisiana 70809. Defendant, at all times relevant hereto, regularly attempted to collect debts alleged

to be due another and is a "debt collector" as defined under the FDCPA.

## IV. FACTUAL ALLEGATIONS

5. On or about February 28, 2007, defendant mailed or caused to be mailed a letter to Mr. Villa attempting to collect a debt allegedly owed by him to Citibank in the amount of $5805.15, a copy of which is attached hereto and incorporated herein as "Exhibit A."

6. The alleged debt arose out of the use of a credit card which was primarily for personal, family or household purposes.

7. Mr. Villa spoke with NES about this alleged debt on or about March 15, 2007.

8. NES told him a subpoena had been issued for him regarding this alleged debt.

9. NES also informed Mr. Villa that a case had been filed against him.

10. Mr. Villa spoke with NES again on or about March 21, 2007.

11. When Mr. Villa asked about this alleged debt being reported to a credit bureau, he was told that it would be reported for seven years from the day of the call and that it would "look worse" on Mr. Villa's "status."

12. Mr. Villa asked about disputing the debt, and was told he could not dispute the debt because the "statute of limitations had already expired on disputing the debt."

13. NES told him that Citibank had the right to "extract the money from you involuntarily."

14. NES told Mr. Villa that he could not stop their company from calling him at home.

15. NES told him his account was scheduled for "legal litigation" at the end of March 2007.

## **VIOLATIONS OF THE FDCPA**

16. Defendant violated numerous provisions of the FDCPA including but not limited to sections 1692e, 1692e(5), 1692e(10), and 1692g.

17. Defendant is liable to plaintiff for his actual damages, additional damages, attorney's fees, and costs.

WHEREFORE, plaintiff respectfully requests that judgment be entered against defendant, National Enterprise Systems, Inc., for actual damages, additional damages, statutory damages, attorney's fees, costs for such other and further relief as may be just and proper.

A JURY TRIAL IS DEMANDED.

>s/Garth J. Ridge
>**GARTH J. RIDGE**
>Attorney for Plaintiff
>Bar Roll Number:  20589
>251 Florida Street, Suite 301
>Baton Rouge, Louisiana 70801
>Telephone Number:  (225) 343-0700
>Facsimile Number: (225) 343-7700
>E-mail: GarthRidge@aol.com